By the Court,
Nelson, Ch. J.
In the deed under whicn the plaintiffs claim title to the premises in question, the grantors, describe themselves as “ the trustees of the gospel lot of the town of Hannibal,” and then sign and seal the conveyance in their own individual names.
*490 The act of 1821, (Sess. Laws of 1821, p. 173, § 12,) authorized the inhabitants of the town of Hannibal to elect three trustees, whose duty it should be to take charge of the gospel lot of the said town; which trustees and their successors in office were thereby declared to be a body politic and corporate, by the name of “ The Trustees of the Gospel Lot in the town of Hannibal 5” and it was also provided that the said trustees should have full power to enter upon and take possession of the said lot, and to lease or sell the same. (Id. § 13. See also id. p. 171, § 2, and Sess. Laws of 1826, p. 23, § 1.)
It is conceded that, where a power to sell is conferred upon a. corporate body, the deed should be executed in the name and under the seal of the corporation. But the rule has no application to this case, for here the authority to convey was given to the individual trustees, and not to them in their corporate capacity. The statute is, “ the said trustees shall have full power and authority to enter upon and take possession of the said lot of land, and to lease or sell the same.” Had the legislature intended otherwise, they would have said, the said corporation shall have full power, ij-c., instead of giving the power to the trustees. We think, therefore, that the execution of the deed in this case was in strict conformity with a fair interpretation of the statute, and that it was effectual to vest the title in the grantee. A new trial must be granted, costs to abide the event.
New trial granted.